IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA SAUNDERS,       : | |
|     Plaintiff,         : | |
| : | |
| v.              : | CIVIL ACTION NO. 25-CV-5099 |
| : | |
| RT & RT MANORS LLC,     : | |
| LANDLORD, *et al.*,      : | |
|     Defendants.        : | |

**MEMORANDUM**

**PEREZ, J.**                                                                                           **SEPTEMBER 17, 2025**

Plaintiff Donna Saunders brings this civil action against a realtor, Robert Foster, and three property companies—RT & RT Manors LLC, BHHS Fox & Roach Bear, and Pocono Properties—claiming breach of contract in connection with a real estate transaction. She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Saunders leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**

Saunders's Complaint is sparse. She identifies RT & RT Manors LLC as her landlord and notes that she initially began "doing business" with Foster, an employee of RT & RT Manors LLC, as a "renter." (Compl. at 2, 4.)[1] She subsequently entered into an agreement with Foster whereby he would sell her unspecified properties. (*Id.*) Saunders alleges that Foster and the other three Defendants, with whom Foster allegedly had arrangements, "defraud[ed]" her to give her "a smaller amount than agreed upon." (*Id.*) Saunders alleges that her constitutional

---

[1] The Court adopts the pagination supplied to the Complaint (ECF No. 2) by the Court's CM/ECF docketing system.

right to due process was violated as a result of this conduct and also claims breach of contract. (*Id.* at 3.) She seeks millions of dollars in damages. (*Id.* at 5.)

## II.  STANDARD OF REVIEW

The Court will grant Saunders leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As Saunders is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.  DISCUSSION

### A.  Federal Claims

Saunders attempts to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331, by using the Court's form complaint for a plaintiff alleging a civil rights violation and asserting

due process claims under 42 U.S.C. § 1983. However, "wholly insubstantial" claims are insufficient to invoke federal question jurisdiction, even if they purport to be predicated on a federal statute. *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former."); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (dismissal of claims for lack of jurisdiction is proper "when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous" (cleaned up)). The factual scenario described in the Complaint as the basis for Saunders's claims, *i.e.*, a private transaction with private parties who are not subject to liability under § 1983, *see, e.g.*, *Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (*per curiam*) (landlords were not state actors); *Green-Jordan v. Taylor*, No. 22-00170, 2023 WL 4291849, at *5 (C.D. Cal. May 3, 2023) (private realtors were not state actors), does not raise a substantial federal question for jurisdictional purposes, *see, e.g.*, *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that civil rights claims were insufficiently substantial to invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (*per curiam*) (affirming dismissal for lack of subject matter jursidction because "[a]lthough Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute"). Accordingly, the Court may not exercise jurisdiction under § 1331.

### B. State Claims

Saunders's Complaint is best construed as raising contract (and possibly tort) claims under Pennsylvania law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Several factors may be relevant in determining an individual's domicile, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business", as well as "location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (internal quotations omitted).

For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal

quotations omitted). At the pleading stage, a plaintiff need not affirmatively allege the citizenship of a LLC if she alleges, after a reasonable investigation, that the members of the LLC are not citizens of her state of citizenship. *See Lincoln Benefit Life Co.*, 800 F.3d at 102.

Saunders provides a Pennsylvania address for herself, which suggests she may be a Pennsylvania citizen, although she does not specifically allege her citizenship. (Compl. at 2.) Similarly, she provides a Delaware address for Foster without alleging his citizenship. (*Id.* at 3.) However, residency alone is generally insufficient to adequately allege citizenship. *See McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (noting that use of the term "resident," rather than "domiciliary" or "citizen," is an improper means of pleading citizenship for purposes of diversity jurisdiction). Nor does she allege the citizenship of the entity Defendants—RT & RT Manors LLC, BHHS Fox & Roach Bear, and Pocono Properties—which are either corporations whose citizenship are governed by their principal place of business and state of citizenship, or LLCs whose citizenship is governed by the citizenship of their members. (*See* Compl. at 2-3.) In sum, absent sufficient allegations pertaining to the parties' citizenship, the Court cannot exercise diversity jurisdiction under § 1332. *See, e.g.*, *Johnson v. Wal-Mart Stores E., LP*, No. 20-02450, 2020 WL 3264066, at *3 (D.N.J. June 17, 2020) ("When a party to the action is an unincorporated association, an allegation of diversity of citizenship must include the citizenship of each of the association's members.").

**IV.   CONCLUSION**

For the foregoing reasons, the Court will dismiss this case for lack of subject matter jurisdiction. The dismissal will be without prejudice to Saunders filing an amended complaint in the event she can allege a basis for subject matter jurisdiction over her state claims or,

alternatively, filing a complaint in the proper state court so she may proceed on her claims in that venue.[2] An appropriate Order follows, which provides further instructions.

**BY THE COURT:**

**HON. MIA R. PEREZ**

---

[2] The Court expresses no opinion at this time on the merits of Saunders's state claims. The Court notes, however, that if Saunders returns with an amended complaint in this Court, she must allege sufficient facts to both justify this Court's exercise of jurisdiction and to state a plausible claim against each named defendant. This means Saunders must allege specific facts explaining what each defendant did or did not do that caused her harm. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").