IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONNA SAUNDERS,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-5099 |
| : | |
| **RT & RT MANORS LLC,** : | |
| **LANDLORD,** *et al.*, : | |
|     Defendants. : | |

## ORDER

AND NOW, this 17th day of September, 2025, upon consideration of Plaintiff Donna Saunders's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and Complaint (ECF No. 2) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction for the reasons stated in the Court's Memorandum.

4. Saunders may file an amended complaint within thirty (30) days of the date of this Order in the event she can state a basis for the Court's jurisdiction over her state claims. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Saunders's claims against each defendant, and shall clearly state the basis for the Court's jurisdiction over Saunders's claims, including by alleging the parties' citizenship. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Saunders should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained

in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court. Alternatively, Saunders may file her claims in an appropriate state court, where federal jurisdiction will not be an option, rather than returning to this Court.

5. The Clerk of Court is **DIRECTED** to send Saunders a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Saunders may use this form to file her amended complaint if she chooses to do so.

6. If Saunders does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7.   If Saunders fails to file any response to this Order, the Court will conclude that Saunders intends to stand on her Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing her to take action to cure a defective complaint).

**BY THE COURT:**

**HON. MIA R. PEREZ**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).